UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL ALEXANDER FRANCO BAUQUEZ (A-Number: 221-007-184),

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondents.

No. 1:26-cv-07893-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Daniel Alexander Franco Bauquez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 2.

Petitioner entered the United States prior to 2022. Doc. 8-1 at 2. He was encountered by Border Patrol on April 4, 2022 and released on an order of recognizance on April 23, 2024. *Id.*; Doc. 9 at 14-18. Petitioner was approved for and received work authorization on May 21, 2025, and his employment authorization appears to be valid until 2030. *See* Doc. 8-1 at 2; Doc. 9 at 13. Petitioner also has a pending application for asylum, and he has a hearing date scheduled for April 13, 2028. Doc. 9 at 24-38. Respondents' filing reflects that petitioner has no criminal record, *see* Doc. 8-3, and respondents do not allege that he violated any conditions of his release. Petitioner was detained as a result of "a targeted enforcement operation in Paterson, NJ." Doc. 2.

The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the

government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to file a response to the petition. Doc. 7.

Respondents argue "that 8 U.S.C. § 1225(b)(2)(A) governs here." Doc. 8 at 1. But respondents concede "that *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), holds that § 1226(a) governs Petitioner's detention." *Id.* Respondents also state that "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." *Id.* Respondents do not raise any argument that this court has not previously considered.

For the reasons addressed in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process. Petitioner was released on his own recognizance in 2024, Doc. 9 at 14-18, has a pending application for asylum, *id.* at 24, has no criminal history aside from his immigration charges, Doc. 8-3, and appears to have a valid work permit, Doc. 8-1 at 2; Doc. 9 at 13. Respondents do not allege that petitioner violated any conditions of his release.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S.

371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents have not shown any such urgent circumstances in this case.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Daniel Alexander Franco Bauquez (A-Number: 221-007-184) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 18, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.